## CIRCUIT COURT OF ARLINGTON COUNTY

Dana L. Olson

v.

Jean H. Pearson et al.

January 19, 1983

Case No. (Law) 22179

By JUDGE THOMAS R. MONROE

Pending before me is the decision of the Court as to the appearance of counsel for the Defendant, Jean H. Pearson, on October 29, 1982, whether special or general.

Counsel for the Defendant, in his Opposition to Motion for Entry of Default, indicated that he was appearing specially for the purpose of Plaintiff's Motion for Entry of Default only.

An examination of his brief in opposition shows that counsel did not confine his argument only to service of process. Counsel went into the entire history of process commencing with notice issued on December 8, 1980, and continuing to Plaintiff's affidavit and requested issuance of a Notice of Motion on December 14, 1981.

Defendant does not challenge the jurisdiction of the Court because there was no service of process, nor does Defendant argue that process was defective. Defendant argues that Rule 3:3 of the Rules of the Supreme Court of Virginia provides in part "no judgment shall be entered against a defendant who is served with process more than one year after the commencement of the action against him unless the

court finds as a fact that the Plaintiff exercised due diligence to have timely service on him."

The Supreme Court of Virginia, in *Maryland Casualty Company* v. *The Clintwood Bank, Inc.*, 155 Va. 181 at 186 (1930), stated: "Any action on the part of defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance."

The Court rules that the appearance by counsel for Defendant, Jean H. Pearson, on October 29, 1982, was a general appearance. Defendant is allowed twenty-one days following entry of the Order to file her pleadings in response.